IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Volkswagen of America, Inc., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**CONSENT DECREE**

## TABLE OF CONTENTS

I.  JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  APPLICABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.  COMPLIANCE REQUIREMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.  REPORTING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI.  RECORD KEEPING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VII.  CIVIL PENALTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VIII.  STIPULATED PENALTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IX.  DISPUTE RESOLUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

X.  EFFECT OF DECREE/RESERVATION OF RIGHTS . . . . . . . . . . . . . . . . . . . . . 15

XI.  COSTS OF SUIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

XII.  NOTICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

XIII.  EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

XIV.  RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

XV.  MODIFICATION AND TERMINATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

XVI.  PUBLIC PARTICIPATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

XVII.  SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

XVIII. INTEGRATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

XIX.  FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

XX.  APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

A.      Plaintiff, the United States of America, at the request of the Administrator of the

United States Environmental Protection Agency ("EPA") and by the authority of the Attorney

General, filed a Complaint against defendant Volkswagen of America, Inc., a New Jersey

corporation ("VWoA") alleging that defendant violated Section 208 of the Clean Air Act (the

"Act"), 42 U.S.C. § 7542, and 40 C.F.R. § 85.1903, by failing to timely file an Emissions Defect

Information Report ("EDIR") with EPA as required by 40 C.F.R. § 85.1903, regarding a defect

with an emission-related component known as the "front heated oxygen sensor" in model year

("MY") 1999 to 2001 2.0L engines in certain light duty vehicles manufactured by Volkswagen

de Mexico SA. De C. V. and imported and sold by VWoA in the United States (the "Subject

Vehicles").

B.      VWoA submitted an EDIR for the Subject Vehicles to EPA dated June 15, 2001,

and soon thereafter implemented a voluntary recall to correct the emissions-related defect in the

Subject Vehicles to:  (a) reprogram the engine control module on all Subject Vehicles with

updated Front Heated Oxygen Sensor control software at no charge to the Subject Vehicle

Owner; and (b) inspect all Subject Vehicles and replace the defective Front Heated Oxygen

Sensor if needed at no charge to the Subject Vehicle Owner.  VWoA's voluntary recall program

was successfully completed.

C.      VWOA has agreed to implement enhancements, not now required by 40 C.F.R. §

85.1903, to its procedures for investigating possible defects in emissions-related components of

vehicles VWoA imports for sale in the United States and commensurate reporting requirements.

D.      VWoA does not admit the violations alleged in the Complaint and nothing herein

shall constitute an admission of liability.

E.      The United States and VWoA have consented to the entry of this Consent Decree

without the trial of any issues.

      F.     The United States and VWoA assert, and the Court by entering this Consent

Decree finds, that this Consent Decree has been negotiated by the United States and VWoA in

good faith, that the implementation of this Consent Decree will avoid prolonged and

complicated litigation, and that this Consent Decree is fair, reasonable, and in the public

interest.

      NOW THEREFORE, it is hereby ORDERED AND DECREED as follows:

### I. **JURISDICTION AND VENUE**

      1.     This Court has jurisdiction over the subject matter of this action and the Parties

pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and Sections 203, 204, 205, and 208 of the Act, 42

U.S.C. §§ 7522, 7523, 7524, and 7527. Venue in this District is proper pursuant to Sections 204

and 205 of the Act, 42, U.S.C. § 7523 and 7524.

      2.     For purposes of this Consent Decree, VWOA agrees that the Complaint states a

claim upon which relief may be granted pursuant to Sections 203, 204, and 205 of the Act, 42

U.S.C. §§ 7522, 7523, and 7524.

### II. **DEFINITIONS**

      3.     Terms which are defined in this Section (Definitions) shall have the following

meanings for purposes of this Consent Decree and its Appendices. Terms which are not defined

below or elsewhere in this Consent Decree or its Appendices shall have the meanings currently

set forth in the Sections 202, 216, and 302 of the Act, 42 U.S.C. §§ 7521, 7550, and 7602, and

any regulations promulgated under Title II of the Act, 42 U.S.C. §§ 7521-7590.

      a.     "Act" means the Clean Air Act, as amended, 42 U.S.C. §§ 7401 et seq.

- 2 -

b.     "Catalytic Converter" means the vehicle component or element of design known as the Catalytic Converter including any and all catalysts and any parts that are integral to any converter or would necessitate converter replacement if it were to fail, such as the converter shell, nipples, heat shield, and heater and warmup circuits.

c.     "Certificate of Conformity" means a certificate issued by the U.S. Environmental Protection Agency pursuant to Section 206 of the Act, 42 U.S.C. § 7525.

d.     "Consent Decree" or "Decree" means this Consent Decree, including any Appendices identified herein.

e.     "Day" means a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal Holiday, the period shall run until the close of business of the next working day.

f.     "Effective Date" of this Consent Decree is the date of its entry by the Court.

g.     "Emissions Defect Information Report" or "EDIR" means the report from the manufacturer to EPA as required by 40 C.F.R. § 85.1903 and Appendix B of this Consent Decree.

h.     "Emission-related Component" or "Component" means the design, materials, or workmanship in a device, system, or assembly described in the approved Application for Certification (required by 40 C.F.R. 86.1843-01 and 86.1844-01, 40 C.F.R. 86.098-22 and like provisions of subpart A of 40 C.F.R. part 85 and 40 C.F.R. part 86) including complete engines.

i.     "Emission-related Defect" means a defect in design, materials, or

workmanship in a device, system, or assembly as described in the approved Application for Certification (required by 40 C.F.R. 86.1843-01 and 86.1844-01, 40 C.F.R. 86.098-22 and like provisions of subpart A of 40 C.F.R. Part 85 and 40 C.F.R. Part 86) which affects any emission-related parameter or specification as enumerated in Appendix VIII of 40 C.F.R. Part 85. For purposes of this Consent Decree an "Emission-related Defect" does not include damage caused by Owners improperly maintaining or abusing their vehicles.

   j. "Engine Family" means the basic classification unit of a vehicle's product line for a single Model Year within the meaning of 40 C.F.R. § 85.2113(h).

   k. "EPA" means the United States Environmental Protection Agency or any successor department or agency of the United States.

   l. "Interest" means interest at the rate allowed on money judgments pursuant to 28 U.S.C. § 1961.

   m. "Model Year" or "MY" means model year as defined in 40 C.F.R. § 86.082.2.

   n. "Owner" shall have the same meaning as "Ultimate Purchaser" as defined by Section 216(5) of the Act, 42 U.S.C. § 7550(5).

   o. "Paragraph" means a portion of this Consent Decree identified by an Arabic numeral.

   p. "Parties" means the United States and VWoA.

   q. "Section" means a portion of this Consent Decree identified by a Roman numeral and having multiple Paragraphs.

   r. "Subject Vehicles" means those vehicles described in Appendix A.

- 4 -

s.    "VWoA" means Volkswagen of America, Inc., a New Jersey Corporation.

t.    "United States" means the United States of America, acting on behalf of EPA.

### III. APPLICABILITY

3.    This Consent Decree applies to and is binding upon the United States and upon VWoA, and its employees, contractors, agents, successors, and assigns. Unless approved by the Parties in writing, any change in VWoA's ownership or corporate status shall in no way alter VWoA's responsibilities under this Consent Decree. In any action to enforce this Consent Decree, VWOA shall not raise as a defense the failure of its officers, directors, agents, servants, contractors, or employees to take actions necessary to comply with the provisions of this Consent Decree.

4.    VWoA shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree. VWoA shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

### IV. COMPLIANCE REQUIREMENTS

5.    VWoA shall enhance its system for monitoring and reporting Emission-related Defects under 40 C.F.R. § 85.1903 with respect to vehicles manufactured or sold by VWOA pursuant to a Certificate of Conformity by, within sixty (60) Days from the Effective Date of this Consent Decree, establishing and implementing the protocols set forth in Appendix B (Emission-Related Defect Monitoring and Reporting Protocols).

6.      If in the future VWoA identifies a design or manufacturing defect that prevents motor vehicles from meeting the applicable standards of 40 C.F.R. Part 86 by obtaining information about Emission-related parts or systems that have failed and the specific mode or mechanism of the failure, VWoA shall correct the defect as soon as reasonably possible for any future production of motor vehicles in every Engine Family affected by the defect.  The obligation to correct the defect applies without regard to whether VWoA is required to conduct a defect investigation pursuant to this Consent Decree or to submit a defect report.

7.      VWOA shall send a status report to EPA once a year which describes all actions taken by VWOA to comply with the terms of this Consent Decree during the reporting period. Status reports shall be submitted to EPA no later than January 31 and cover the immediately preceding calendar year.  The status report shall provide the following specific information, to the extent that it is applicable and available:

a.      Corporate name;

b.      The name and title of the authorized representative to contact regarding information in the status report;

c.      A description of each investigation of an Emission-related Component that VWoA commenced, continued, or concluded during the reporting period, including the applicable part number and a description of the Emission-related Component being investigated;

d.      The status of each investigation VWoA commenced, continued or concluded during the reporting period;

e.      A description of the potentially affected vehicles, including Engine Families, model, Model Year, and number of vehicles manufactured;

- 6 -

    f.      An estimate of the number and/or percentage of each class or category of vehicles that have or may have the Emission-related Defect, and an explanation how this number was determined;

    g.      Whether an EDIR was filed and if so on what date; and

    h.      If the investigation was closed or continued without filing an EDIR, the reasons for such action.

## V. **REPORTING**

8.    Unless otherwise explicitly provided in this Consent Decree, EDIRs, status reports, submissions, notifications to, or communications with the United States or VWoA shall be deemed submitted on the date they are postmarked and sent by first class mail, overnight receipt mail service, or by certified or registered mail, return receipt requested. Each EDIR, status report, or other submission required by this Consent Decree or Appendix B shall be accompanied by a transmittal letter referencing the appropriate paragraph or Appendix of this Consent Decree.

9.    VWoA shall, through a duly authorized representative having knowledge of the contents of the EDIR, status report, or other submission, sign and certify under 28 U.S.C. § 1746 that:

> I certify under penalty of law that I have examined and am familiar with the information submitted in this document and all attachments and that this document and its attachments were prepared either by me personally or under my direction or supervision in a manner designed to ensure that qualified and knowledgeable personnel properly gather and present the information contained therein. I further certify, based on my personal knowledge or on my inquiry of those individuals immediately responsible for obtaining the information, that the information is true, accurate and complete. I am aware that there

> are significant penalties for submitting false information,
> including the possibility of fines and imprisonment for knowingly
> and willfully submitting a materially false statement.

10.    All EDIR's, status reports, or other submissions required by this Consent Decree or Appendix B shall be submitted to the persons designated in Section XII of this Consent Decree (Notices).

11.    The reporting requirements of this Consent Decree do not relieve VWoA of any reporting obligation required by the Act or its implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

12.    Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VI.  <u>RECORD KEEPING</u>

13.    VWoA shall maintain records regarding the Emission-related Defect Monitoring and Reporting system described in Appendix B, in a form suitable for inspection, and which shall be made available to EPA upon request, including information gathered by VWoA to carry out the requirements of this Consent Decree.  VWoA shall retain all such records for a period of five (5) years from the Effective Date of this Consent Decree.

14.    All information and documents submitted by VWoA to the United States pursuant

to this Consent Decree shall be subject to public inspection, unless identified and supported as confidential business information by VWoA in accordance with 40 C.F.R. Part 2.

## VII. CIVIL PENALTY

15.    Within thirty (30) Days after the Effective Date of this Consent Decree, VWoA shall pay a civil penalty to the United States in the amount of $1,100,000.00 together with Interest accruing from the date on which the Consent Decree is lodged with the Court.

16.    Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice ("DOJ") in accordance with instructions to be provided to VWoA following lodging of the Consent Decree by the Financial Litigation Unit of the U.S. Attorney's Office. Any EFT received at the DOJ lockbox bank after 11:00 A.M. Eastern Time will be credited on the next business day.

17.    VWoA shall simultaneously send written notice of payment and a copy of any transmittal documentation (which should reference DOJ case number 90-5-2-1-08311 and the civil action number of this case) to the United States in accordance with Section XII. of this Decree (Notices).

18.    If VWoA does not pay the civil penalty payment owed to the United States within thirty (30) Days of the Effective Date of this Consent Decree, the payment is late. Late payment of the civil penalty is subject to Interest and Stipulated Penalties as provided below.

19.    VWoA shall not deduct the civil penalty paid under this Section in calculating its federal income tax.

20.    The United States shall be deemed a judgment creditor for purposes of collection of this penalty.

- 9 -

## VIII.  STIPULATED PENALTIES

21.    If VWoA fails to pay the civil penalty required to be paid under Section VII of this Decree (Civil Penalty) when due, VWoA shall pay a stipulated penalty of $1,000 per day for each day that the payment is late.  Late payment of the civil penalty shall be made in accordance with Paragraphs 16 and 17 of this Consent Decree.  All transmittal correspondence shall state that any such payment is for late payment of the civil penalty due under this Decree, or for stipulated penalties for late payment, as applicable, and shall include the identifying information set forth in Paragraphs 16 and 17.

22.    VWoA shall be liable for stipulated penalties to the United States for failure to comply with the requirements of this Consent Decree in the amounts set forth below.

a.    For failure to establish the procedures to enhance VWoA's system for monitoring and reporting of Emission-related Defects required by Paragraph 5 within sixty (60) Days from the Effective Date of this Consent Decree:  $1,000 per day.

b.    For failure to timely investigate possible Emission-related Defects, timely file an EDIR, or for failure to file an EDIR containing all available information, all as pursuant to the requirements of Appendix B:

| For each violation | Penalty |
|---|---|
| 1st to 10th day | $  500 per day |
| 11th to 30th day | $  750 per day |
| After 30th day | $1,000 per day |

c.    For failure to timely file an annual status report that contains all available information as required by Paragraph 7:  $500 per day.

d.    For failure to correct an Emission-related Defect in any future production,

- 10 -

as required by Paragraph 6: $250 per affected vehicle.

  e. For failure to maintain information or make such information available to

EPA as required by Paragraph 13: $500 per day per instance.

  23. The stipulated penalties provided for in this Section VIII shall be in addition to

any other rights, remedies, or sanctions available to the United States for VWoA's violation of

this Consent Decree or applicable law.

  24. Stipulated Penalties under this Section shall begin to accrue on the day after

performance is due or on the day a violation occurs, whichever is applicable, and shall continue

to accrue until performance is satisfactorily completed or until the violation ceases. Stipulated

Penalties shall accrue simultaneously for separate violations of this Consent Decree. VWoA

shall pay any Stipulated Penalties within 30 Days of receiving the United States' written

demand. Interest on any unpaid balance shall thereafter accrue from the date payment became

due.

  25. The United States may, in its unreviewable discretion, reduce or waive stipulated

penalties otherwise due the United States under this Consent Decree.

  26. Stipulated Penalties and Interest shall continue to accrue as provided in

Paragraph 24 during any dispute resolution as provided by Section IX, but need not be paid until

the following:

  a. If the dispute is resolved by agreement or by a decision of EPA that is not

appealed to the Court, VWoA shall pay accrued penalties determined to be owing to the United

States within 30 Days of the receipt of EPA's decision.

  b. If the dispute is appealed to the Court and the United States prevails in

whole or in part, VWoA shall pay all accrued penalties determined by the Court to be owing within 60 days of receiving the Court's decision or order, except as provided in Subparagraph c, below.

      c.    If any Party appeals the District Court's decision, VWoA shall pay all accrued penalties determined to be owing within 15 days of receiving the final appellate court decision.

27.    VWoA shall as directed by the United States in its demand, pay stipulated penalties owing to the United States by EFT in accordance with Paragraphs 16 and 17, or by certified or cashier's check in the amount due, payable to the "U.S. Department of Justice," referencing DOJ No. 90-5-2-1-08311 and United States Attorney's Office file number C105-00579, and delivered to the office of the United States Attorney for District of Columbia, Financial Litigation Unit, Judiciary Center Building, 555 Fourth Street, N.W., Washington, D.C. 20001 with a transmittal letter referencing the civil action number of this action.

28.    VWoA shall not deduct Stipulated Penalties paid under this Section in calculating its federal income tax.

29.    Subject to the provisions of Section X (Effect of Decree/Reservation of Rights), the Stipulated Penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for VWoA's violation of this Consent Decree or applicable law.  Where a violation of this Consent Decree is also a violation of the Act, VWoA shall be allowed a credit, for any Stipulated Penalties paid, against any statutory penalties imposed for such violation.

## IX.  **DISPUTE RESOLUTION**

30.    Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.  VWoA's failure to seek resolution of a dispute under this Section shall preclude VWoA from raising any such issue as a defense to an action by the United States to enforce any obligation of VWoA arising under this Decree.

31.    Informal Dispute Resolution.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when VWoA sends the United States a written Notice of Dispute.  Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed twenty (20) Days from the date the dispute arises, unless that period is modified by written agreement between the Parties.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within fifteen (15) Days after the conclusion of the informal negotiation period, VWoA invokes formal dispute resolution procedures as set forth below.

32.    Formal Dispute Resolution.  VWoA shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph 31, by serving on the United States a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but may not necessarily be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

33.    The United States shall serve its Statement of Position within thirty (30) Days of

- 13 -

receipt of VWoA's Statement of Position. The United States' Statement of Position shall

include, but may not necessarily be limited to, any factual data, analysis, or opinion supporting

that position and any supporting documentation relied upon by the United States. The United

States' Statement of Position shall be binding on VWoA, unless VWoA files a motion for

judicial review of the dispute in accordance with the following Paragraph 34.

34.     VWoA may seek judicial review of the dispute by filing with the Court and

serving on the United States, in accordance with Section XII of this Consent Decree (Notices), a

motion requesting judicial resolution of the dispute. The motion must be filed within thirty (30)

Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph

33. The motion shall contain a written statement of VWoA's position on the matter in dispute,

including any supporting factual data, analysis, opinion, or documentation, and shall set forth

the relief requested and any schedule within which the dispute must be resolved for orderly

implementation of the Consent Decree.

35.     The United States shall respond to VWoA's motion within the time period

allowed by the Local Rules of this Court. Defendant may file a reply memorandum, to the

extent permitted by the Local Rules.

36.     In any dispute brought under Paragraph 34, VWoA shall bear the burden of

demonstrating that its position clearly complies with this Consent Decree and that VWoA is

entitled to relief under applicable law. The United States reserves the right to argue that its

position is reviewable only on the administrative record and must be upheld unless arbitrary and

capricious or otherwise not in accordance with law.

37.     The invocation of dispute resolution procedures under this Section shall not, by

itself, extend, postpone, or affect in any way any obligation of VWoA under this Consent

Decree, unless and until final resolution of the dispute so provides.  Stipulated penalties with

respect to the disputed matter shall continue to accrue from the first day of noncompliance, but

payment shall be stayed pending resolution of the dispute as provided in Paragraph 26.  If

VWoA does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as

provided in Section VIII (Stipulated Penalties).

## X.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

38.    This Consent Decree resolves the civil claims of the United States for the

violations alleged in the Complaint filed in this action through the date this Consent Decree is

lodged with the Court.

39.    The United States reserves all legal and equitable remedies available to enforce

the provisions of this Consent Decree, except as expressly stated in Paragraph 38.  This Consent

Decree shall not be construed to limit the rights of the United States to obtain penalties or

injunctive relief under the Act or implementing regulations, or under other federal laws,

regulations, or permit conditions, except as expressly specified in Paragraph 38.

40.    This Consent Decree is not a permit, or a modification of any permit, under any

federal, State, or local laws or regulations.  VWoA is responsible for achieving and maintaining

complete compliance with all applicable federal, State, and local laws, regulations, and permits;

and VWOA's compliance with this Consent Decree shall be no defense to any action

commenced pursuant to any such laws, regulations, or permits.

41.    This Consent Decree does not limit or affect the rights of VWoA or of the United

States against any third parties, not party to this Consent Decree, nor does it limit the rights of

- 15 -

third parties, not party to this Consent Decree, against VWoA, except as otherwise provided by law.

42.    This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## XI.  COSTS OF SUIT

43.    The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any Stipulated Penalties due but not paid by VWoA.

## XII.  NOTICES

44.    Except as otherwise specifically provided herein, when written notification to or communication with the United States, EPA, or VWoA is required by the terms of this Consent Decree, it shall be addressed as follows:

As to the United States:

Chief
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington D.C. 20044-7611
Re:  DOJ No. 90-5-2-1-08331

For EPA:

Director
Certification and Compliance Division (6403J)
Office of Transportation and Air Quality
Office of Air and Radiation
U.S. Environmental Protection Agency
1310 L Street, N.W.
Washington, D.C.  20004

- 16 -

Acting Director
Air Enforcement Division (2242A)
Office of Regulatory Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Ariel Rios Building South
Washington, D.C. 20004


With a copy to:

Thomas M. Ball, Program Manager
Certification and Compliance Division
U.S. Environmental Protection Agency
2000 Traverwood
Ann Arbor, MI 48105

Angela Fitzgerald, Esq.
Air Enforcement Division
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

As to VWoA:

Norbert Krause
Director, Engineering and Environmental Office
Volkswagen of America, Inc.
3800 Hamlin Road
Auburn Hills, MI 48326

With a copy to:

Kevin M. McDonald, Esq.
Associate Counsel
Volkswagen of America, Inc.
3800 Hamlin Road
Auburn Hills, MI 48326

45.    All Parties to the Consent Decree may change the address for providing notices

- 17 -

to it by serving all other addressees identified above with a written notice setting forth the new address.

### XIII. EFFECTIVE DATE

46.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court.

### XIV. RETENTION OF JURISDICTION

47.     The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, pursuant to Sections IX and XV, or effectuating or enforcing compliance with the terms of this Decree.

### XV. MODIFICATION AND TERMINATION

48.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to any term of this Decree, it shall be effective only upon approval by the Court.

49.     This Consent Decree will terminate upon further order of this Court at any time after the fifth year anniversary of its Effective Date after VWoA serves upon the United States, together with all necessary supporting documentation, a Request for Termination stating that VWoA has:

        a.      paid in full the civil penalties and any accrued Interest imposed by this Consent Decree;

        b.      paid in full any stipulated penalties imposed by this Consent Decree; and

- 18 -

       c.      completed all other requirements of this Consent Decree.

50.     Following receipt by the United States of VWoA's Request for Modification or Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether VWoA has satisfactorily complied with the requirements for termination of this Consent Decree. If the United States, after consultation with EPA, agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

51.     If the United States, after consultation with EPA, does not agree that the Decree may be terminated, VWoA may invoke Dispute Resolution under Section IX of this Decree. VWoA shall not, however, seek Dispute Resolution of any dispute regarding termination, under Paragraph 31 of this Consent Decree, until 120 days after service of its Request for Termination.

## XVI. **PUBLIC PARTICIPATION**

52.     This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.

## XVII. **SIGNATORIES/SERVICE**

53.     Each undersigned representative of VWoA and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

- 19 -

54.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

55.     VWoA agrees not to oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.

56.     VWoA agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XVIII.  INTEGRATION

57.     This Consent Decree and its Appendices constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  Other than the Appendices, which are attached to and incorporated in this Decree, no other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XIX.  FINAL JUDGMENT

58.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and VWoA.

## XX.  APPENDICES

59.    The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the List of Subject Vehicles.

"Appendix B" is the Emission-Related Defect Monitoring and Reporting Protocols.

Approved and entered this __ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE
For the District of Columbia

FOR PLAINTIFF, UNITED STATES OF AMERICA:

_____    Dated: _____
KELLY A. JOHNSON, D.C. Bar # 431714
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
10th & Pennsylvania Avenue, N.W.
Washington, D.C. 20530

_____    Dated: __6/7/2005_____
JEREL J. ELLINGTON, Colorado Bar # 9696
Senior Counsel
Environmental Enforcement Section
United States Department of Justice
999 18th Street, Suite 945NT
Denver, CO 80202
Telephone: (303) 312-7321

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney for the District of Columbia

- 21 -

_____     Dated:  5·19·05
KEITH V. MORGAN, D.C. Bar #422665
Assistant U. S. Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7566

_____     Dated:  6·5·05
THOMAS SKINNER
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

- 22 -

FOR DEFENDANT, VOLKSWAGEN OF AMERICA, INC.

Dated: 5/16/05

NORBERT KRAUSE
Director, Engineering and Environmental Office
Volkswagen of America, Inc.
3800 Hamlin Road
Auburn Hills, MI 48326

Dated: 5/13/05

JOSEPH S. FOLZ, ESQ.
Executive Director, Public Affairs,
 General Counsel & Secretary
Volkswagen of America, Inc.
3800 Hamlin Road
Auburn Hills, MI 48326

Dated: 5/12/05

KEVIN M. MCDONALD, ESQ.
Associate Counsel
Volkswagen of America, Inc.
3800 Hamlin Road
Auburn Hills, MI 48326

## APPENDIX A

| Model Year | Make | Model | Engine Family |
|---|---|---|---|
| 1999 | Volkswagen | Golf/Jetta/New Beetle (Tier 1) | XVWXV02.0222 |
| 1999 | Volkswagen | Golf/Jetta/New Beetle (LEV) | XVWXV02.0227 |
| 2000 | Volkswagen | Golf/Jetta/New Beetle (Tier 1) | YVWXV02.0222 |
| 2000 | Volkswagen | Golf/Jetta/New Beetle (LEV) | YVWXV02.0227 |
| 2001 | Volkswagen | Golf/Jetta/New Beetle (Tier 1) | 1 VWXV02.0227 |
| 2001 | Volkswagen | Golf/Jetta/New Beetle (LEV) | 1 VWXV02.0222 |

## APPENDIX B

## EMISSION-RELATED DEFECT MONITORING AND REPORTING PROTOCOLS

Within the time-frame specified in the Consent Decree to which this Appendix B is attached and made a part, VWOA shall enhance its system for monitoring and reporting Emission-related Defects under 40 C.F.R. § 85.1903 with respect to vehicles manufactured or sold by VWoA pursuant to a Certificate of Conformity by implementing the following protocols for investigating and reporting Emission-related Defects.

1.    Investigation of Potential Emission-related Defects.

a.    VWoA shall commence an investigation to determine if an Emission-related Defect exists within a given class or category of vehicles or within an Engine Family whenever VWoA has reason to believe that the number of vehicles that may have the Emission-related Defect is equal to or exceeds the following thresholds (with percentages stated as in relation to the total number of vehicles with the class, category, or Engine Family).

i.    If the Emission-related Component is a Catalytic Converter, electronic control module, or other after-treatment device:  2% or 2,000, whichever is less; or

ii.    If the Emission-related Component is something other than a Catalytic Converter, electronic control module, or other after-treatment device: 4% or 4,000, whichever is less.

b.     In determining whether vehicles within a given class, category, or Engine Family may have a potential Emission-related Defect for purposes of the preceding paragraph 1.a., VWoA shall consider information derived from records reflecting the sale and delivery of replacement parts to dealers.  In addition, a particular vehicle shall be deemed to have a potential Emission-related Defect for purposes of the preceding paragraph 1.a. if any of the following has occurred within the particular vehicle's Useful Life:

i.     A warranty claim for an Emission-related Component is paid by VWoA pursuant to a warranty issued by VWOA;

ii.     VWoA receives any other information from its dealers or Owners indicating an Emission-related Defect may exist;

iii.     An Emission-related component was repaired or replaced by a VWoA dealer after its sale and delivery to the ultimate purchaser.

c.     VWoA's investigation shall be prompt, thorough, consider all relevant information which is available or reasonably obtainable, follow scientific and engineering principles, and be designed to obtain the information which VWoA is required to investigate or report.

d.     If an Emission-related Component that has been determined to be defective has been installed in or is present in other MY vehicles or Engine Families, VWoA shall investigate whether such Emission-related Defect is in those additional MY vehicles or Engine Families. VWoA shall include the results of such investigation as part of the Defect Report.

- 2 -

e.     If VWoA terminates an investigation after determining that the number of vehicles potentially having an Emission-related Defect is less that the thresholds specified in the preceding paragraph 1.a., and VWoA subsequently acquires other information indicating that the thresholds of paragraph 1.a. may be exceeded, VWoA shall resume its investigation and include the information from its earlier investigation to determine whether or not VWoA must submit an EDIR.

2.     <u>Reporting Emission-related Defects.</u>

a.     VWoA shall submit an EDIR to EPA whenever VWOA determines, based upon its investigation, that an Emission-related Defect exists in the number of vehicles within the class, category, or Engine Family that is equal to or exceeds the following thresholds (with percentages stated as in relation to the total number of vehicles with the class, category, or Engine Family):

i.     If the Emission-related Component is a Catalytic Converter, engine control module, or other after-treatment device, and the total number of vehicles within the class, category, or Engine Family is 2,500 or less:  25 or more.

ii.     If the Emission-related Component is a Catalytic Converter, electronic control module, or other after-treatment device, and the  total number of vehicles within the class, category, or Engine Family is more than 2,500: 1% or 500, whichever is less.

iii.     If the Emission-related Component is a component other than a Catalytic Converter, electronic control module, or other after treatment device, and the

total number of vehicles within the given class, category, or Engine Group is 2,500 or less:  50 or more.

        iv.     If the Emissions-related Component is a component other than a Catalytic Converter, electronic control module, or other after-treatment device, and the number of vehicles within the given class, category, or Engine Group is more than 2,500:  2% or 1,000, whichever is less.

    b.     VWoA shall submit an EDIR within fifteen Days of the date that the threshold criteria set forth in the preceding paragraph 2.a. are met.  VWoA shall send the EDIR to:

> Director
> Certificate and Compliance Division
> National Vehicle and Fuel Emission Laboratory
> U.S. Environmental Protection Agency
> 2565 Plymouth Road
> Ann Arbor, MI 48105

    c.     An EDIR shall contain the following information, to the extent that the information is available:

        i.     Corporate name;

        ii.     An authorized representative of VWoA for EPA to contact regarding the Emission-related Defect;

        iii.     A description of the Emission-related Defect including a summary of any engineering analyses and associated data;

iv.    A description of the vehicles that may have the Emission-related Defect, including engine families, models, model years, range of production dates, and number of vehicles manufactured;

v.    An estimate of the number and/or percentage of each class or category of vehicles or within an Engine Family that may have the Emission-related Defect, and an explanation of how this number or percentage was determined;

vi.    An estimate of the emissions impact, if any, attributable to the Emission-related Defect, the basis for such estimate, and a summary of any emission data showing the impact of the Emission-related Defect; and

vii.    A description of VWoA's plan for correcting the Emission-related Defect, or an explanation of why VWOA does not believe the Emission-related Defect should be corrected.

c.    VWoA shall continue its investigation until it obtains all information necessary to provide a complete EDIR. For any items not complete, VWoA shall promptly send EPA an updated or supplemental EDIR when new or additional information is available.

d.    Notwithstanding the above, VWoA shall not be exempt from compliance with 40 C.F.R. § 85.1903, or any regulation amending or replacing it. Until such time that 40 CFR 85.1903 is amended or replaced, VWoA shall in accordance with 40 C.F.R. § 85.1903 file an EDIR with EPAwhenever VWoA determines that a specific Emission-related Defect exists in twenty-five or more vehicles or engines of the same model year.