**Kevin L. Fast, Esq.**
**Law Office of Kevin L. Fast**
**8300 Boone Blvd.**
**Suite 528**
**Vienna, Virginia 22182**

U.S. DEPT. OF JUSTICE
ENV. & NAT. RES. DIV.
DENVER, CO

05 SEP 19 AM 11: 39

Telephone: (703) 761-6739
Facsimile: (703) 848-4586
E-mail: klflawoffice@cox.net

September 16, 2005

**VIA TELECOPY AND REGULAR MAIL**

Jerel L. Ellington
Senior Counsel
Environmental Enforcement Section
U.S. Department of Justice
999 18th Street, Suite 945N
Denver, CO 80202

Re: <u>United States v. Volkswagen of America, Inc.</u>, Civil Action No. 1:05-CV-01193-GK (D. D.C.)

Dear Mr. Ellington:

I am in receipt of your letter dated September 13, 2005 concerning the above-referenced matter. In your letter, you (a) reported that the last paragraph of Appendix B of the Consent Decree lodged with the Court was different from the corresponding paragraph that was made available for public review, (b) quoted the alternative language, and (c) inquired whether a review of the alternative language "affects your client's comments on the proposed decree." The purpose of this letter is to respond to your inquiry on behalf of my client, Afton Chemical Corporation.

The short answer is that the altered language does not "affect" my client's comments concerning the proposed Consent Decree, at least not without a better understanding of the rational for imposing upon Volkswagen of America, Inc. ("VWoA") overlapping and facially inconsistent monitoring, inspection, and reporting requirements pertaining to emission-related component defects. No such explanation was provided in the notice seeking public comment regarding the Consent Decree, in any of the materials describing the Consent Decree that are available on the U.S. Environmental Protection Agency ("EPA") website, or in your recent letter to me.

As you know, consent decrees cannot be approved by a court if the consent decree conflicts with the underlying statute to which it relates. *See, e.g.*, <u>Local Number 93, International Association of Firefighters, AFL-CIO v. City of Cleveland</u>, 478 U.S. 501,

1:05-cv-01193-GK                Exhibit C

524-527 (1986). As outlined in my client's comments and as supplemented below in response to your question, the proposed Consent Decree conflicts with the EPA's existing regulations pertaining to the reporting of emission-related defects. Although EPA may argue that the last paragraph of Appendix B of the proposed Consent Decree eliminates any potential inconsistency between the Consent Decree and EPA's Part 85, Subpart T regulations, such an argument lacks merit for three reasons.

First, an "Emission-related Defect" is defined by the Consent Decree to exclude "damage caused by Owners improperly maintaining or abusing their vehicles." *See* Consent Decree, ¶ 3.i. No similar exclusion exists in EPA's Part 85, Subpart T regulations. Thus, even if the last paragraph of Appendix B was intended to be a savings clause, it "saves" application of the 40 C.F.R. § 85.1903 reporting requirement for a different set of emission-related defects. Nothing in the paragraph quoted in your letter refers to this distinction in the definition of emission-related defects, or resolves that the definition set forth in 40 C.F.R § 85.1902(b) controls. In fact, the quoted language from the last paragraph of Appendix B refers only to 40 C.F.R. § 85.1903, and does not refer to 40 C.F.R. § 85.1902 at all.

Second, the record retention requirements of the Consent Decree conflict with the record retention requirements of EPA's Part 85, Subpart T regulations. Section 85.1906(b) of the regulations directs as follows:

> The information gathered by the manufacturer to compile the reports required by § 85.1903 and § 85.1904 shall be retained for not less than five years from the date of the manufacture of the vehicles or engines and shall be made available to duly authorized officials of EPA upon request.

By contrast, paragraph 13 of the Consent Decree, which also relates to recordkeeping requirements, directs that "VWoA shall retain all such records for a period of five (5) years from the Effective Date of this Consent Decree." The two recordkeeping requirements clearly conflict given that the only day under the terms of the Consent Decree that VWoA must retain records for a period of five years is the effective date of the Consent Decree. The period of record retention is reduced by one day for each day that passes after the Consent Decree's effective date. EPA's regulations, on the other hand, impose a consistent five year retention period. The provision that you identified in your letter makes no reference to 40 C.F.R. § 85.1906.

Third, and more generally, the imposition of overlapping reporting requirements (if, in fact, that was the government's intention) creates uncertainty and confusion regarding the specific reporting requirements that apply in any given circumstance. For example, the provision quoted in your letter states (as did the provision that was available for public review) that "VWoA shall in accordance with 40 C.F.R. § 85.1903 file an EDIR with EPA *whenever VWoA determines* that a specific Emission-related Defect exists in twenty-five or more vehicles or engines of the same model year." (Emphasis added.) As

noted in my client's previous comments, however, the obligation to report an emission-related defect may also be triggered if a parent or affiliated company of VWoA uncovers information that confirms the existence of a defect. Although it may not have been the government's intention to change this element of the emission-related defect reporting program, the exclusive reference to a determination by VWoA (without clarification and as defined in the Consent Decrees) unavoidably creates ambiguity as to the specific requirements that apply in any given case.

It is not my client's intent to create unnecessary complications in the government's enforcement program for mobile sources. That said, however, what is lacking is a clear explanation as to how the overlapping reporting requirements will work and why it results in an "enhanced" reporting program. I would be happy to confer with you at your convenience in an effort to better understand the rational for the government's actions. Perhaps with a more fulsome explanation of how the reporting program is intended to work, my client's concerns can be (or perhaps already have been) addressed.

Sincerely,

Kevin L. Fast, Esq.
Counsel to Afton Chemical Corporation